**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| MIA SEARLES, as administrator of the Estate of Jalen Randle., *et al.,* <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF HOUSTON *et al.*, <br><br> Defendants. | CASE NO.: 4:24-cv-01534 <br><br> JUDGE LEE H. ROSENTHAL |

**MOTION TO EXTEND TIME FOR SERVICE OF PROCESS**
**ON DEFENDANT SHANE PRIVETTE**

Pursuant to Fed. R. Civ. P. 4(m), Plaintiffs hereby respectfully request this Court to enlarge the time limit for service of the Complaint and summons on Defendant Shane Privette.

### I.   INTRODUCTION

Plaintiffs have attempted to obtain service on Defendant Privette over a half-a-dozen times, at three different locations, using two separate third-party process servers. Despite Plaintiffs' diligence, Plaintiffs have been unable to obtain service of process on Defendant Privette because he appears to be intentionally evading service. District courts within the Fifth Circuit have consistently held that good cause exists when, like here, the plaintiff is able to establish diligence in attempting obtain service on a defendant. Under Rule 4(m) of the Federal Rules of Civil Procedure, because good cause exists, this Court "must" extend the time for service on Defendant Privette.

Even assuming for the sake of argument, however, that Plaintiffs were unable to establish good cause for an extension, a discretionary extension would also be warranted. The Fifth Circuit has cautioned that granting a discretionary extension is warranted to avoid the harsh result of dismissal arising from an expired limitations period, especially when there is no prejudice on the

opposing parties. If the Court were to deny Plaintiffs an extension to serve Defendant Privette, Plaintiffs' claim may be forever barred because of the statute of limitations, which would contravene the Fifth Circuit's strong preference for adjudicating cases on the merits. Further, because this case is still in its infancy and discovery has not yet commenced, there will be no prejudice to any party if an extension is granted. Therefore, a discretionary extension is also warranted.

For these reasons and the reasons set forth more fully below, Plaintiffs' motion should be granted.

## II.    NATURE AND STAGE OF THE PROCEEDING

On April 25, 2024, Plaintiffs initiated this civil rights action, pursuant to 42 U.S.C. § 1983, against Defendants City of Houston, Texas (the "City"), former Chief of Police Troy Finner, Officer Shane Privette, and John Does Nos. 1-10 (collectively, "Defendants"), alleging the following claims: (1) excessive force against Defendant Privette; (2) supervisory liability against Defendants Finner and John Does Nos. 1-10; and (3) municipal liability against Defendant City of Houston. Doc. No. 1.

On May 22, 2024, Plaintiffs requested summons to be issued for all Defendants. Doc. No. 4. On June 10, 2024, Plaintiffs perfected service on the City. Doc No. 9. On July 2, 2024, Plaintiffs perfected service on Defendant Finner. Doc. No. 8. Despite her best efforts, however, Plaintiffs have been unable to obtain service on Defendant Privette to date.

On July 1, 2024, the City filed its motion to dismiss for failure to state a claim under Rule 12(b)(6). Doc. No. 7. Plaintiffs' opposition to the City's motion is due on July 22, 2024. A Rule 16 initial conference is presently set for August 16, 2024 at 11:10 a.m. via video conference. Doc. No. 2.

### III.     FACTUAL BACKGROUND

Since the issuance of the summons, Plaintiffs have hired two separate third-party process servers to serve the Complaint and summons upon Defendant Privette. Both third-party process servers have advised that Defendant Privette has actual notice of the lawsuit and is aware of the multiple service attempts at addresses known to be associated with him, which suggests that he is evading service.

Specifically, at the first address where service was attempted located in Tomball, Texas, the process server spoke with a person who resides at the home through an electronic doorbell intercom, known as a Ring doorbell. *See* Villarreal Affidavit, Ex. A. The resident claimed to be Defendant Shane Privette's father and advised that he would let Defendant Privette know that the process server was looking for him and would pass the phone number along to Defendant Privette. *Id.* But Defendant Privette's father claimed that he did not know Defendant Privette's home address. *Id*. To date, the process server has not been contacted by Defendant Privette. *Id.*

At the second address located in Pinehurst, Texas, which is believed to be the home of Defendant Privette, a car was parked in the front of the home that was registered to Defendant Privette. *See* Garcia Affidavit, Ex. B; *see also* Debeyssey Affidavit, Ex. C. The garage door was also open during one of the service attempts, suggesting that one or more residents were home when the process server attempted service. *See* Ex. C. However, when the process server knocked on the door to attempt to serve Defendant Privette, nobody answered the door. *Id.* Since then, the third-party process servers have attempted service at Defendant Privette's home address six additional times. *See* Exs. B-C.

After multiple attempts at perfecting service at Defendant Privette's residence, Plaintiffs have also attempted to obtain service on him at his current place of employment. While these

3

attempts have also been unsuccessful to date, Plaintiffs are continuing to attempt to obtain service on Defendant Privette both at his residence and his work.[1]

## IV.    STATEMENT OF THE ISSUES

There are two potential issues for this Court to decide in adjudicating Plaintiffs' Motion to Extend Time for Service of Process on Defendant Privette:

1.    Whether good cause exists to extend the time for service of process on Defendant Privette; and

2.    Assuming *arguendo* that good cause does not exist, whether the Court should exercise its discretion to extend the time for service of process on Defendant Privette.

## V.    STANDARD OF REVIEW

### A.  Good Cause under Fed. R. Civ. P. 4(m)

Rule 4(m) of the Federal Rules of Civil Procedure provides, in pertinent part, that if the plaintiff shows good cause for the failure to obtain service of process within ninety (90) days, "the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). In order to establish good cause, the plaintiff must make "some showing of 'good faith'" and "some reasonable basis for noncompliance within the time specified. . . .'" *Newby v. Enron Corp.*, 284 F. App'x 146, 149 (5th Cir. 2008) (quoting Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165 (1969)). "If good cause is present, the district court *must* extend time for service." *See Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996) (emphasis in original)

### B.  Discretionary Authority under Fed. R. Civ. P. 4(m)

Even if the plaintiff lacks good cause, the court nonetheless has discretion to extend the time for service. *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013). When a

---

[1] Plaintiffs intend to supplement their motion with an affidavit from the process server, detailing the attempts made to serve Defendant Privette at work, upon receipt.

dismissal due to a failure to perfect service within ninety (90) days effectively serves as a dismissal with prejudice due to the statute of limitations, the dismissal is warranted only upon a showing of at least one of three aggravating factors: "(1) delay caused by the plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Sanders v. Southwestern Bell Telephone Co.*, No. 4:19-CV-04561, 2020 WL 5899122, at *1-2 (S.D. Tex. Sept. 18, 2020) (quoting *Thrasher*, 709 F.3d at 514). When these factors do not support dismissal, justice requires that the time for service be extended so that the matter can be fully adjudicated upon the merits. *See id.* at *3.

## VI.  ARGUMENT

### A. Good Cause Exists to Enlarge the Time for Service of Process.

Good cause exists and, therefore, the Court must extend the time for service on Defendant Privette. Under Rule 4(m), "[i]f good cause is present, the district court *must* extend time for service." *See Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996) (emphasis in original). District courts within the Fifth Circuit have consistently held that when the plaintiff, like here, has made more than a half-hearted effort to obtain service, good cause exists for granting an extension of time for service. *See, e.g.*, *Square D. Co. v. Pioneer Breaker & Supply Co.*, No. A-07-CA-810-SS, 2009 WL 10669216, at *2 (W.D. Tex. Jan. 23, 2009) (granting extension of time when the plaintiff made multiple attempts at service, it was suspected the defendant was intentionally evading service, and no prejudice would result because discovery was in the early stages); *DirecTV, Inc. v. Chan*, No. SA-03-CV-417-RF, 2004 WL 2616304, at *4 (W.D. Tex. Nov. 16, 2004) ("[W]here the plaintiff made several diligent attempts to serve defendants, its ultimate failure to do so effectively does not preclude a finding of good cause."); *Zermeno v. McDonnel Douglas Corp.*, 246 F. Supp. 2d 646, 666-67 (S.D. Tex. 2003) (granting extension of time when the plaintiff made multiple attempts at service and would be severely prejudiced if the

5

case were dismissed); *Gibbons v. Leggett & Platt, Inc.*, No. 302CV0458H, 2002 WL 1812132, at *1 (N.D. Tex. Aug. 5, 2002) (finding good cause where the plaintiff unsuccessfully made multiple attempts at service).

As demonstrated above, Plaintiffs have made a concerted effort to serve Defendant Privette within the ninety (90) day time-period set forth by Rule 4(m). Plaintiffs have made multiple attempts at service, at multiple locations, through two different third-party process servers. Plaintiffs are also continuing to attempt to serve Defendant Privette at his current place of employment. The number of attempts and the fact that Defendant Privette's father advised he would inform Defendant Privette that he spoke with a process server, suggests that Defendant Privette has actual knowledge of Plaintiffs' attempts to serve him and is intentionally evading service. *See* Advisory Committee Note, Subdivision (m) ("Relief may be justified, for example, if … the defendant is evading service or conceals a defect in attempted service."). Accordingly, good cause exists and the Court "must" extend the time for service pursuant to Rule 4(m).

### B. The Circumstances also Weigh in Favor of the Court Exercising Discretion to Extend the Time for Service.

Assuming for the sake of argument good cause does not exist to extend the time for service (it does), a discretionary extension is still nonetheless warranted under the circumstances. The Fifth Circuit has held that a discretionary extension is particularly appropriate to avoid the harsh result of dismissal arising from an expired limitations period. *See Sanders*, 2020 WL 5899122, at *1-2 (citing *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) and *Thrasher*, 709 F.3d at 512-13). That is especially true when no prejudice will result to the opposing party. *See Square D. Co.*, 2009 WL 10669216, at *2.

Here, if the Court does not grant the requested extension, Plaintiffs' claims against Defendant Privette may be forever barred from being adjudicated on the merits due to the statute

of limitations. It is the clear preference of the Fifth Circuit for matters to be fully adjudicated upon the merits, absent dilatory or contumacious conduct that is not at issue here. *See Thrasher*, 709 F.3d at 512-13 ("Because dismissal with prejudice is an extreme sanction that deprives a litigant of the opportunity to pursue his claim, it is warranted only where a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice."). Further, no prejudice will result to Defendants if the time for service is extended. Discovery has yet to commence and Defendant City of Houston's motion to dismiss was just recently filed. Accordingly, the Court should grant Plaintiffs' motion and extend the time for service so that this matter may be fully adjudicated on the merits.

## VII. CONCLUSION

For the foregoing reasons, Plaintiffs' motion should be granted and the Court should extend the time for Plaintiffs to obtain service of process on Defendant Privette.

DATED: July 19, 2024

Respectfully submitted,

*/s/ Joe F. Fouche III*
Joe F. Fouche III (24132047)
Robert F. DiCello*
Kenneth P. Abbarno*
Jordyn Parks*
**DiCELLO LEVITT LLP**
8160 Norton Parkway, Third Floor
Mentor, Ohio 44060
jfouche@dicellolevitt.com
rfdicello@dicellolevitt.com
kabbarno@dicellolevitt.com
jparks@dicellolevitt.com

Diandra S. Debrosse Zimmermann*
Eli Hare*
**DiCELLO LEVITT LLP**
505 20th Street North, 15th Floor
Birmingham, Alabama 35203
(205) 855-5700

Fu@dicellolevitt.com
ehare.@dicellolevitt.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 19, 2024, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants on record in this matter.

*/s/ Joe F. Fouche III*
Joe F. Fouche III (24132047)
**DiCELLO LEVITT LLP**

*Counsel for Plaintiffs*