# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| Mia Searles, as administrator of the estate of Jalen Randle, Tiffany Rachal, Warren Randle, Jalen Randle, and Minor S.S.<br> *Plaintiffs*, | § § § § § | |
| v. | § | Civil Action No. 4:24-cv-01534 |
| City of Houston, Troy Finner, Shane C. Privette, John Does No. 1-10<br> *Defendants*, | § § § § | |

### DEFENDANT TROY FINNER'S REPLY IN SUPPORT OF HIS RULE 12(b)(6) MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

  Comes now Defendant, Troy Finner ("Chief Finner") and files this Reply in Support of his Motion to Dismiss Plaintiff's Original Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support of said motion, Chief Finner would respectfully show the Court as follows:

1

## SUMMARY OF REPLY

Plaintiffs' conclusory allegations against Chief Finner are grossly insufficient to state a claim of supervisor liability, let alone overcome Chief Finner's qualified immunity. As Chief Finner has previously detailed, Plaintiffs have failed to allege any facts to plausibly allege any element of supervisory liability. A cornerstone of Chief Finner's defense is his entitlement to qualified immunity, a doctrine that shields government officials from liability unless they violated clearly established statutory or constitutional rights. The Plaintiffs' failure to identify a controlling authority that clearly establishes the right in question is a critical flaw. Plaintiffs' allegations fail to establish a causal connection between Chief Finner's actions and the alleged constitutional violations due to the absence of specific factual allegations to support claims of deliberate indifference or a direct link to any alleged act by Officer Privette. Furthermore, the absence of a constitutional violation by Officer Privette fundamentally undermines the possibility of supervisory liability. The reasonableness of Officer Privette's use of force, given the circumstances known at the time, aligns with established legal standards, negating the plaintiffs' claims. Plaintiffs have failed to state a claim upon which relief can be granted, rendering dismissal of this claim appropriate.

## ARGUMENT AND AUTHORITIES

**Plaintiffs Cannot Interject Unpled Factual Allegations Through Their Response.**

Confronted with their pleading deficiencies, Plaintiffs now allege, by way of response, their failure to supervise claim includes Chief Finner failing to promulgate appropriate policies [Doc. #23 at pg. 5]. The Court should disregard such arguments. "[F]actual allegations first asserted in a response to a motion to dismiss are not appropriately reviewed in a Rule 12(b)(6) motion." *Edgar v. Anadarko Petroleum Corp.,* No. H-17-1372, 2019 U.S. Dist. LEXIS 39977, at *30 (S.D. Tex. 2019) (Rosenthal, C.J.). (citing *Dorsey v. Portfolio Equities, Inc,* 540 F.3d 333,

338 (5th Cir. 2008)). Consistent with this well - settled law, this Court should disregard those portions of Plaintiff's response, that assert unpled factual allegations and, rather, decide Chief Finner's motion to dismiss based on Plaintiffs' pleading allegations.

As Chief Finner has previously stated, and Plaintiffs' response confirms, the allegations Plaintiffs' have now asserted are the same allegations asserted for their *Monell* claims against the City of Houston. Plaintiffs' claim against Chief Finner should be dismissed as redundant. *Chavez*, 55 F. Supp. 3d at 450; *Heckford*, 2021 WL 2517405, at *6; *Foerster v. Bleess*, 4:20-CV-1782, 2020 WL 6588731, at *5 (S.D. Tex. Oct. 16, 2020) (citing *Goodman v. Harris County,* 571 F.3d 388, 395 (5th Cir. 2009)); *Rollerson*, 2013 WL 2189892, at *11.

**Plaintiffs Fail to Establish Supervisory Liability.**

Plaintiffs have alleged that Chief Finner failed to supervise Officer Privette and have cited to *Batiste v. City of Beaumont* to make the argument that since the Eastern District of Texas found a supervisory liability claim plausibly alleged, the same should follow here. [Doc #23 at pg. 6]. However, Plaintiff failed to produce the full story of *Batiste* as the court confirmed the supervisory liability claim alleged against the Chief of police was due to be dismissed.

In *Batiste*, the Court found that the Chief of Police's motion to dismiss should be granted due to Plaintiff's failure to provide factual allegations sufficient to establish Chief Scofield's personal involvement in the incident in question, his direct or ordered use of force, or his awareness of the officers' alleged conduct. *Batiste v. City of Beaumont*, 421 F. Supp. 2d 969 (E.D. Tex. 2005). Furthermore, the court found that the plaintiff failed to aver facts that would establish a violation of a clearly established federal right by Chief Scofield. *Id.* The plaintiff's petition alleged that subordinate police officers acted pursuant to orders and directives from Chief Scofield, suggesting his direct involvement in the conduct leading to the alleged constitutional violations. These

3

allegations aimed to establish a basis for Chief Scofield's liability under Section 1983 by indicating both direct personal involvement and imputed knowledge via failure to supervise. *Id* at 991. Despite these allegations, the Court found supervisory liability was not applicable as plaintiff failed to meet her burden of alleging a failure to supervise claim as the Chief of Police was entitled to qualified immunity. *Id.*

The court reasoned, "the plaintiff must allege *particular facts* forming the basis of his claim, including those preventing Chief Scofield from maintaining a qualified immunity defense. The complaint must assert facts that, if proven, demonstrate that Beaumont police officers violated clearly established statutory or constitutional rights, *and* that *a reasonable officer situated similarly to Chief Scofield would have understood that there was a causal connection between his alleged conduct and the constitutional violations by subordinate officers. Wicks v. Mississippi State Employment Servs.,* 41 F.3d 991, 994–95 (5th Cir.1995); *Brown v. Glossip,* 878 F.2d 871, 874 (5th Cir.1989); *Henrise v. Horvath,* 94 F.Supp.2d 765, 766 (N.D.Tex.2000)." *Id.* at 993.

The Court found Plaintiff's complaint did not contain precise factual allegations regarding the police chief's knowledge (whether direct or implied) of the violations, nor did it convincingly argue that the police chief's behavior—be it through action or omission—was a significant factor behind the alleged violations. Additionally, the complaint fell short of providing specific factual assertions that would, if proven, indicate that an objectively reasonable person in the police chief's position would have understood that their conduct or lack thereof would infringe upon the plaintiff's rights. *Id.*

Just as the *Batiste* court found that plaintiff failed to allege sufficient facts to overcome the Chief's qualified immunity, the same should apply here. Plaintiffs' complaint does not allege a

single fact that could objectively give rise to Chief finner having a causal connection between his conduct and any alleged constitutional violation of a subordinate officers.

**Plaintiffs Lack any Casual Connection**

Plaintiffs have alleged that Officer Privette violated Randle's right for the shooting during the arrest of a fleeing citizen that did not pose an immediate threat to officers or others. [Doc. #1 at ¶54]. To support Chief Finner having a causal connection between his conduct and the constitutional violation of a subordinate officer, Plaintiffs have alleged Chief Finner "endorsed, promoted, encouraged, and/or failed to discipline Defendant Privette's actions." [Id. at ¶66a]. The specific factual allegations to support these conclusory allegations are nowhere in Plaintiffs complaint. Plaintiffs continue to allege, Chief Finner "kept Defendant Privette employed at the City and allowed him to continue to use his firearm as a police officer despite prior instances of excessive force. [*Id.* at ¶66b]. This allegation is not entitled to the presumption of truth as the publicily available government documents negate any excessive force claim against Defendant Privette. *See Maryland Manor Assocs.*, 816 F. Supp. 2d at 404 n.5.

Taking judicial notice of public records directly relevant to the issue in dispute is proper on a Rule 12(b)(6) review. *Funk v. Stryker Corp.*, 631 F.3d 777, 780 (5th Cir. 2011). The Fifth Circuit has determined that courts may take judicial notice of governmental websites.[1] "Government documents have been found to hold facts of which a court may take judicial notice", and "some courts have used sweeping language in favor of this practice, for example, '[p]ublic records and government documents are generally considered not to be subject to reasonable

---

[1] *See Hawk Aircargo, Inc. v. Chao.*, 418 F.3d 453, 457 (5th Cir. 2005); *Coleman v. Dretke*, 409 F.3d 665, 667 (5th Cir. 2005) (per curiam) (Fifth Circuit taking judicial notice of Texas agency's website); *see also O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1225, 2007 WL 2421754, at *6 (10th Cir. 2007) ("It is not uncommon for courts to take judicial notice of factual information found on the world wide web.") (citations omitted); *Denius v. Dunlap*, 330 F.3d 919, 926 (7th Cir. 2003) (taking judicial notice of information on official government website).

dispute. This includes public records and government documents available from reliable sources on the Internet.'"[2]

The publicly available E-Gov and Harris County District Court Website establish no indictment was ever issued against Defendant Privette.[3] Additionally, Fifth Circuit jurisprudence makes clear that Chief Finner could never have had any specific, let alone general instances of excessive force regarding Officer Privette as the Court found the force used by Officer Privette was objectively reasonable and no constitutional violation occurred.[4] Finally plaintiffs allege Chief Finner "failed to train Defendant Privette on the appropriate use of force, discipline Defendant Privette for prior instances of excessive force, or otherwise prevent Defendant Privette from engaging in the above-stated conduct." [*Id.* at ¶66c]. These allegations are not entitled to the presumption of truth either as Defendant Privette at all relevant times, maintained minimum mandatory training under Texas law and TCOLE standards.[5] These publicly available documents establishes Officer Privette was trained on appropriate use of force. A police officer's TCOLE "personal status report, a report of [his] training, certificates, and length of service is a public record and releasable to anyone that requests under Chapter 552 of the Government Code (Open

---

[2] *Luna v. Am. Nat'l Ins. Co.*, No. EP-21-CV-00064-FM, 2021 U.S. Dist. LEXIS 90464, at *8 (W.D. Tex. 2021) (multiple citations omitted). *See also, e.g., Brooks v. United Dev. Funding III, L.P.*, Civil Action No. 4:20-cv-00150-O, 2020 U.S. Dist. LEXIS 197662, at *100 (N.D. Tex. 2020) ("Further, the Court agrees it may take judicial notice of the anonymous "report" and website referenced in the preliminary statement."); *Patsy's Italian Rest., Inc. v. Banas*, 575 F. Supp. 2d 427, 443 n.18 (E.D.N.Y. 2008) ("[i]t is generally proper to take judicial notice of articles and Web sites published on the internet"); 2 McCormick on Evid. § 330, Facts Capable of Certain Verification (7th ed. 2016) ("Information obtained from online sources is becoming a frequently used basis for judicial notice. To this point, government and corporate websites and well-recognized mapping services are among the most commonly relied upon sources.") (footnotes omitted).").

[3] See Exhibit 1,
[4] See Exhibit 2, *Walker v. City of Houston*, No. 22-20537, 2023 WL 6457926 (5th Cir. Oct. 4, 2023)
[5] See Exhibit 3, Officer Privette Training Records

Records Act)."[6] As such, the reports may be judicially noticed. *Norris v. Hearst* Tr., 500 F.3d 454, 461 n.9 (5th Cir. 2007).

There would be no reason to discipline Officer Privette when Plaintiffs' allegations point to an instance where Privette was not indicted for any excessive force and Fifth Circuit jurisprudence points to no wrongdoing of Officer Privette. Consequently, Plaintiffs claim of supervisor liability is due to be dismissed.

**Lack of Deliberate Indifference.**

Plaintiffs cannot come close to establishing deliberate indifference for Chief Finner. To hold a supervisory government official who was not personally involved in the acts causing a constitutional violation liable under section 1983 in his individual capacity, a plaintiff must show that: (1) the supervisor failed to train or supervise the officers involved; (2) there is a causal connection between the alleged failure to supervise or train and the alleged violation of the plaintiff's rights; and (3) the failure to train or supervise constituted deliberate indifference to the plaintiff's constitutional rights. *See Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005); *Thompson v. Upshur County*, 245 F.3d 447, 459 (5th Cir. 2001). Proof of more than a single instance of the lack of training or supervision causing a constitutional violation is usually required before such lack of training constitutes deliberate indifference. *Thompson*, 245 F.3d at 459 (citing *Snyder v. Trepagnier*, 142 F.3d 791, 798-99 (5th Cir. 1998); *Thompkins*, 828 F.2d at 304-05). "The inadequacy of training must be so obvious and obviously likely to result in a constitutional violation." *Id*. Additionally, the "[p]rior instances must point to the specific violation in question; notice of a pattern of *similar* violations is

---

[6] Frequently Asked Questions, TEXAS COMMISSION ON LAW ENFORCEMENT, www.tcole.texas.gov/content/frequently-asked-questions (last accessed April 21, 2022).

required.'" *Valle v. City of Houston*, 613 F.3d 536, 548 (5th Cir. 2010) (citing *Davis*, 406 F.3d at 383) (emphasis added).

Plaintiffs have not alleged any facts to suggest that Chief Finner regularly supervised Officer Privette or that Officer Privette demonstrated a pattern of similar violations, let alone any violation, from which his supervisor's failure to provide more training or supervision could be considered deliberate indifference. To support deliberate indifference, Plaintiffs recycle their insufficient Monell allegations in an attempt ensnare Chief Finner. Specifically, Plaintiffs allege, African American Police Chief Troy Finner promoted and encouraged the unwritten and widespread HPD policy of "shoot first and ask questions later," particularly as it relates to African Americans [Doc. #23 at pg. 13]. These allegations are the same unconstitutional policy or custom that Plaintiffs plead as the basis of *Monell* liability for the City. It is evident these allegations fail to establish liability for either Chief Finner or the City.

**Failure to Overcome Qualified Immunity.**

Plaintiffs have failed to address Chief Finner's qualified immunity and have attempted to conflate the actions of Officer Privette and his separate and distinct qualified immunity. Plaintiffs have not identified and analogized a controlling authority in which an officer acting under similar circumstances as Chief Finner violated the constitutional right at issue. Plaintiffs therefore fail to state a claim that would defeat Chief Finner's qualified immunity, and the Court must dismiss all of Plaintiffs' claims against Finner. *See Mallett v. Goines*, CV H-21-2644, 2021 WL 5449529, at *3 (S.D. Tex. Nov. 22, 2021) granting 12(b)(6) and finding plaintiff's allegations insufficient to defeat qualified immunity).

After an officer raises the defense of qualified immunity, "[i]t is the plaintiff's burden to find a case in his favor that does not define the law at a high level of generality." *Rich v. Palko*,

8

920 F.3d 288, 294 (5th Cir. 2019), cert. denied, 140 S. Ct. 388, 205 L. Ed. 2d 217 (2019), reh'g denied sub nom. *Rich for Dupuis-Mays v. Palko*, 140 S. Ct. 659, 205 L. Ed. 2d 413 (2019). "To meet this high burden, the plaintiff must 'point to controlling authority—or a robust consensus of persuasive authority—that defines the contours of the right in question with a high degree of particularity.'" *Jamison v. McClendon*, 476 F. Supp. 3d 386, 416 (S.D. Miss. 2020); see *also Palko*, 920 F.3d at 294. Plaintiffs have failed to analogize the facts of any case in relation to qualified immunity. The only case Plaintiffs have resorted to is *Batiste*, which inadvertently reinforces Chief Finner's position that supervisor liability is due to be dismissed as the allegations are insufficient to overcome Chief Finner's qualified immunity.

**Lack of Constitutional Violation**

If no constitutional violation occurred, there can be no supervisory liability. *Smith v. Heap*, 31 F.4th 905, 912 (5th Cir. 2022) ("Smith hasn't adequately pleaded any constitutional violation. That dooms Smith's other claims: Absent a constitutional violation, Heap can't be liable for supervising one, ratifying one, or for failing to train his deputies to avoid one"). Repeated conclusions that there was "no perceived threat" and Randle had not "threatened to shoot or harm anyone" are both irrelevant to the reasonableness inquiry and are contradicted by the publicly available Harris County District Clerk records for the criminal cases of Jalen Randle.

Specifically, the publicly available criminal records for Jalen Randle establish that on March 22, 2022, the previous month before the alleged constitutional violation, Randle was charged with Unlawful Possession of a firearm by a felon, evading arrest, and aggravated assault with a deadly weapon.[7] These complaints detail that Randle was a felon who was in illegal possession of a firearm. The vehicle Randle was driving had a fully loaded Glock .40 handgun on

---

[7] *See* Exhibits 4-6, Cause No. 1763550, 176353, 1763556

9

the driver's side floorboard. Randle was choking the complainant and stated, "stop crying, I'll shoot you with my gun[8]." Despite these facts, Plaintiffs have incredibly alleged Randle posed no apparent threat after Houston Police Officers had this information on the day of the incident and were forced to use a PIT maneuver to stop the vehicle with an individual known to be in possession of an illegal firearm.

The constitution does not require an officer to wait until a suspect is holding a weapon, pointing it, or shoots, to confirm the threat before resorting to deadly force. *Ramirez v. Knoulton,* 542 F.3d 124, 128-31 (5th Cir. 2008). The Fifth Circuit has "found an officer's use of deadly force to be reasonable when a suspect ***moves out of the officer's line of sight*** such that the officer could reasonably believe the suspect was reaching for a weapon." *Manis v. Lawson*, 585 F.3 at 845 (5th Cir. 2009) (citations omitted). The Court has "adhered to this standard even in cases when officers had not yet seen a gun when they fired, ***or when no gun was ever found at the scene***." *Cloud,* 993 F.3d at 387. When an officer uses deadly force, its reasonableness turns primarily on whether "the officer ha[d] probable cause to believe that the suspect pose[d] a threat of serious physical harm, either to the officer or to others." *Bazan ex rel. Bazan v. Hidalgo County*, 246 F.3d 481, 488, 493 (5th Cir. 2001) (quoting *Tennessee v. Garner*, 471 U.S. 1, 11 (1985)); *see also Ontiveros v. City of Rosenberg*, 564 F.3d 379, 382 (5th Cir. 2009). Given the difficulty of "split-second judgments," the court judges the reasonableness of an officer's use of force "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight," *Graham*, 490 U.S. at 397 (citing *Terry v. Ohio*, 392 U.S. 1, 20–22 (1968)), and avoids "second-guessing a police officer's assessment, made on the scene, of the danger presented by a particular situation,"

---

[8] *Id.*

*Valderas v. City of Lubbock*, 937 F.3d 384, 389 (5th Cir.)(per curiam) (quoting *Ryburn v. Huff*, 565 U.S. 469, 477 (2012)), cert. denied, 140 S. Ct. 454 (2019).

Consequently, for Plaintiffs, Officer Privette could have reasonably believed that Randle posed a serious physical threat to bystanders and to Officers on the scene as Randle was charged with aggravated assault with a deadly weapon, felon in possession of a weapon, and evading arrest in the preceding month. As such, Plaintiffs have failed to state any constitutional violation as the factual allegations are grossly insufficient under *Graham* and are contradicted by the publicly available government records. *See Maryland Manor Assocs.*, 816 F. Supp. 2d at 404 n.5.

### CONCLUSION

For the reasons stated above, Plaintiffs have failed to state a claim upon which relief can be granted against the Chief Finner. Therefore, Chief Finner respectfully requests that this Court grant its motion and dismiss all of Plaintiff's claims with prejudice.

Respectfully submitted,

**ARTURO G. MICHEL**
**City Attorney**

CHRISTY L. MARTIN
Chief, Torts/Civil Rights

By: /s/ *Alexander Garcia*
Alexander Garcia
Assistant City Attorney
SBN: 24104429
FBN: 3852904
832.393.6293
Alexander.garcia@houstontx.gov
CITY OF HOUSTON LEGAL DEPARTMENT
900 Bagby, 4th Floor
Houston, Texas 77002
832.393.6259 Facsimile

***Attorneys for Defendant,***
***Troy Finner***

## VERIFICATION

I hereby verify, under penalty of perjury, that the records attached are true and correct copies of the documents they purport to be.

<u>August 20, 2024</u>      <u>*/s/Alexander Garcia*</u>
Date      Alexander Garcia

## CERTIFICATE OF SERVICE

I hereby certify that pursuant to the Federal Rules of Civil Procedure, a true and correct copy of the foregoing was filed via CM/ECF and served via electronic filing manager to all counsel of record.

<u>*/s/ Alexander Garcia*</u>
Alexander Garcia