# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **Mia Searles, as administrator of the estate** | § | |
| **of Jalen Randle, Tiffany Rachal, Warren** | § | |
| **Randle, Jalen Randle, and Minor S.S.** | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:24-cv-01534** |
| | § | |
| **City of Houston, Troy Finner,** | § | |
| **Shane C. Privette, John Does No. 1-10** | § | |
| *Defendants,* | § | |

## <u>DEFENDANT OFFICER SHANE PRIVETTE'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)</u>

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant Shane Privette ("Officer Privette") files this Motion to Dismiss Plaintiffs' Complaint [Doc. #1] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and respectfully shows the following in support:

# TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................................................i

INDEX OF AUTHORITIES.........................................................................................................1

STATEMENT OF THE NATURE AND STAGE OF PROCEEDING ....................................1

STATEMENT OF ISSUES ..........................................................................................................1

SUMMARY OF THE ARGUMENT ...........................................................................................1

STANDARD OF REVIEW ..........................................................................................................2

JUDICIAL NOTICE OF PUBLIC RECORDS AND JUDICIAL PROCEEDINGS...............3

ARGUMENT AND AUTHORITIES ..........................................................................................5

    Plaintiffs fail to plausibly allege a constitutional violation to support a § 1983 claim........5

    Plaintiffs fail to allege facts demonstrating Officer Privette's use of clearly excessive and objectively unreasonable force under the Fourth Amendment........................................5

    Reasonableness Under the Totality of the Circumstances.........................................................8

    Plaintiffs fail to overcome Officer Privette's Qualified Immunity.......................................11

CONCLUSION AND PRAYER ................................................................................................15

VERIFICATION.........................................................................................................................16

CERTIFICATE OF SERVICE.................................................................................................16

# INDEX OF AUTHORITIES

## Cases

*Ashcroft v. al-Kidd*, 563 U.S. 731 (2011) .................................................................................. 14

*Ashcroft v. Iqbal*, 556 U.S. at 678 (2009) ...................................................................................... 2

*Babb v. Dorman*, 33 F.3d 472 (5th Cir. 1994) ............................................................................. 13

*Backe v. LeBlanc*, 691 F.3d 645 (5th Cir. 2012) .......................................................................... 11

*Baker v. Putnal*, 75 F.3d 190 (5th Cir. 1996) ............................................................................... 12

*Ball v. LeBlanc*, 792 F.3d 584 (5th Cir. 2015) ............................................................................... 4

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007 .......................................................................... 2

*Carswell v. Camp*, __ F.4th __, No. 21-10171, 2022 U.S. App. LEXIS 16901 at *9, 2022 WL 2186363
   (5th Cir. 2022) ............................................................................................................................ 13

*Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285 (5th Cir. 2004) ...................................... 3

*Cinel v. Connick*, 15 F.3d 1338 (5th Cir. 1994) ............................................................................. 3

*Cloud v. Stone*, 993 F.3d 379 (5th Cir. 2021) ......................................................................... 6, 10

*Cole v. Carson*, 935 F.3d 444 ................................................................................................. 11, 14

*Coleman v. Dretke*, 409 F.3d 665 (5th Cir.2005) (per curiam) ...................................................... 5

*Dalfrey v. Boss Hoss Cycles, Inc.*, 456 F. App'x 329, 333 n.3 (5th Cir. 2011) ................................ 4

*Elliott v. Perez*, 751 F.2d 1472 (5th Cir. 1985) ............................................................................ 12

*Floyd v. City of Kenner*, 351 F. App'x 890 (5th Cir. 2009) ....................................................... 2, 5

*Funk v. Stryker Corp.*, 631 F.3d 777 (5th Cir. 2011) ..................................................................... 4

*Gaines v. Davis*, 928 F.2d 705 (5th Cir. 1991) ............................................................................ 13

*Gobert v. Caldwell*, 463 F.3d 339 (5th Cir. 2006) ....................................................................... 13

*Gonzalez v. Kay*, 577 F.3d 600 (5th Cir. 2009) ............................................................................. 2

*Graham v. Connor*, 490 U.S. 386 (1989) ................................................................................... 5, 6

*Gray ex rel. Rudd v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400 (5th Cir. 2004) ............... 4

*Harlow v. Fitzgerald*, 457 U.S. 800 (1982) ...................................................................................... 11, 12

*Hileman v. Rouse Props.*, No. 4:16-CV-00455-ALM-CAN, 2017 U.S. Dist. LEXIS 186389 (E.D. Tex. 2017) 5

*Hogan v. Cunningham*, 722 F.3d 725 (5th Cir. 2013) ............................................................... 12

*In re Katrina Canal Breaches Litig.*, 495 F.3d 191 (5th Cir. 2007) ............................................. 3

*Jackson v. City of Beaumont Police Department*, 958 F.2d 616 (5th Cir. 1992)........................ 12

*Jacquez v. Procunier*, 801 F.2d 789 (5th Cir. 1986)................................................................. 12

*James v. Sadler*, 909 F.2d 834 (5th Cir. 1990) ....................................................................... 13

*Jaso v. Coca Cola Co.*, 435 F. App'x 346 (5th Cir. 2011) (per curiam) .......................................... 5

*Joseph ex rel. Estate of Joseph v. Bartlett*, 981 F.3d 319 (5th Cir. 2020) ................................. 5

*Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453 (5th Cir. 2005) ............................................ 5

*Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163 (1993)............. 2

*Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015 (5th Cir. 1996) ............................................ 4

*Mariam v. Excel Maint. Servs.*, 2015 U.S. Dist. LEXIS 183023 (S. D. Tex. 2015)........................... 4

*Mascitti v. Quarterman*, No. C-09-093, 2009 U.S. Dist. LEXIS 112134, 2009 WL 4728003 (S.D. Tex. Dec. 3, 2009) ................................................................................................................................. 4

*Mascitti v. Quarterman*, No. C-09-093, 2009 U.S. Dist. LEXIS 112134, 2009 WL 4728003, at *1 (S.D. Tex. Dec. 3, 2009)........................................................................................................................ 4

*Michalik v. Hermann*, 422 F.3d 252 (5th Cir. 2005)................................................................. 13

*Mitchell v. Forsyth*, 472 U.S. 511 (1985) ........................................................................ 12, 13

*Mohamed v. Irving Indep. Sch. Dist.*, 300 F. Supp. 3d 857 (N.D. Tex. 2018)....................... 12, 14

*Mullenix v. Luna*, 136 S. Ct. 305 (2015)................................................................................ 14

*Norris v. Hearst Trust*, 500 F.3d 454 (5th Cir. 2007) ............................................................. 3

*Ontiveros v. City of Rosenberg,* 564 F.3d 379 (5th Cir. 2009) .......................................... 12, 14

*O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218 (10th Cir. 2007) ...................................... 5

*Pearson v. Callahan*, 555 U.S. 223 (2009)............................................................................ 13

*Plotkin v. IP Axess Inc.*, 407 F.3d 690 (5th Cir. 2005) ............................................................. 2

*Poole v. City of Shreveport*, 691 F.3d 624 (5th Cir. 2012) ............................................................6

*Ramirez v. Guadarrama*, 3 F.4th 129 (5th Cir. 2021)...............................................................13

*Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir. 1999)...................................................................12

*Roberts v. City of Shreveport,* 397 F.3d 287 (5th Cir. 2005) .....................................................5

*Rodriguez v. Bexar Cty. Hosp. Dist.*, No. SA-14-CA-861-OG, 2015 U.S. Dist. LEXIS 160520 (W.D. Tex. 2015)....................................................................................................................................13

*Schultea v. Wood*, 47 F.3d 1427 (5th Cir. 1995 ....................................................................12

*Southard v. Texas Board of Criminal Justice*, 114 F.3d 539 (5th Cir. 1997) ...........................13

*Taylor v. Charter Med. Corp.*, 162 F.3d 827 (5th Cir. 1998)........................................................4

*Tennessee v. Garner*, 471 U.S. 1 (1985).................................................................................10

*Thompson v. City of Starkville*, 901 F.2d 456 (5th Cir. 1990) ..................................................5

*Thompson v. Steele*, 709 F.2d 38 (5th Cir. 1983).......................................................................5

*Todd v. Hawk*, 72 F.3d 443 (5th Cir. 1995) ...........................................................................12

*Tucker v. City of Shreveport*, 998 F.3d 165 (5th Cir. 2021) ....................................................14

*Valderas v. City of Lubbock*, 937 F.3d 384 (5th Cir.)................................................................8

*Whatley v. Coffin*, 496 F. App'x 414 (5th Cir. 2012) ................................................................3

*White v. Pauly*, 137 S. Ct. 548 (2017)....................................................................................14

*Wicks v. Miss. State Emp't Servs.*, 41 F.3d 991 (5th Cir. 1995)..............................................11

**Statutes**

42 U.S.C.S. § 1983.....................................................................................................................4

Fed. R. Evid. 201 ......................................................................................................................4

FED. R. EVID. 201 ....................................................................................................................3

# STATEMENT OF THE NATURE AND STAGE OF PROCEEDING

Plaintiffs sued Officer Privette asserting civil rights claims under 42 U.S.C. §1983. [Doc. #1] Defendant Officer Privette respectfully moves to dismiss Plaintiffs' complaint pursuant to Fed. Civ. P. Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

# STATEMENT OF ISSUES

1. Plaintiffs fail to plausibly allege a constitutional violation to support a §1983 claim.

2. Plaintiffs fail to allege facts establishing the violation of any clearly established constitutional right by Officer Privette to support a section 1983 claim.

3. Officer Privette reasonably used deadly force

4. Plaintiffs cannot overcome Officer Privette's Qualified Immunity.

# SUMMARY OF THE ARGUMENT

The Supreme Court in *Graham v. Connor* set forth that the reasonableness of an officer's use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the benefit of hindsight. This assessment is inherently fact-specific, requiring consideration of the severity of the crime, whether the suspect poses an immediate threat to the safety of officers or others, and whether the suspect is actively resisting arrest or attempting to evade arrest by flight. The plaintiffs' complaint is critically deficient in providing specific factual allegations necessary to evaluate the reasonableness of Officer Privette's actions as to any of these factors. The complaint does not adequately address the totality of the circumstances surrounding the incident and does not provide any information on the crime's severity or the reason for the heavy police presence, leaving a gap in understanding the context of Officer Privette's actions.

Other than conclusions, the complaint lacks facts that would allow the Court to infer Officer Privette used clearly excessive and objectively unreasonable force in violation of the Fourth Amendment. Additionally, the absence of specific factual details concerning the critical

aspects of the incident and the failure to articulate how Officer Privette's actions violated clearly established constitutional rights render the complaint insufficient to move past the qualified immunity defense.

## STANDARD OF REVIEW

Pursuant to Rule 12(b)(6), an action may be dismissed "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a plaintiff is required to plead "enough facts to state a claim to relief that is plausible on its face." *Floyd v. City of Kenner*, 351 F. App'x 890, 892-93 (5th Cir. 2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Floyd*, *supra*, 351 F. App'x at 892-93, citing *Ashcroft v. Iqbal*, 556 U.S. at 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "'[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'shown' - 'that the pleader is entitled to relief.'" *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009); *Twombly*, 550 U.S. at 556. Although the court accepts all well-pleaded facts as true and views those facts in the light most favorable to the plaintiff, *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009), the court does not "accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions," *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005); *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *Iqbal*, 556 U.S. at 677-78, 680. Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice. *Id.* at 678. That is, the complaint must offer more than an "unadorned, the-defendant-unlawfully-harmed-me accusation."

*Id.*

In determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the court considers the well pleaded facts set forth in the complaint, documents attached to the complaint, and matters of which judicial notice may be taken under Federal Rule of Evidence 201. *See Norris v. Hearst Trust*, 500 F.3d 454, 461 n. 9 (5th Cir. 2007); *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 640 n. 2 (5th Cir. 2005). The court may refer to matters of public record when determining whether a Rule 12(b)(6) dismissal is warranted. *Whatley v. Coffin*, 496 F. App'x 414, 416 (5th Cir. 2012) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)). The court may also properly consider documents attached to the defendant's motion that are referred to in the complaint and are central to the plaintiff's claims. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

## JUDICIAL NOTICE OF PUBLIC RECORDS AND JUDICIAL PROCEEDINGS

When reviewing a motion to dismiss a district court may "consider matters of which they may take judicial notice." "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b). *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011). The court *must* take notice of a fact if "a party requests it and the court is supplied with the necessary information." FED. R. EVID. 201(c)(2).

It is well-established that a Court may consider matters of public record in assessing a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss."[1] Moreover, "A court has the

---

[1] *Sanchez v. Bank of S. Tex.*, 494 F. Supp. 3d 421, 429 (S.D. Tex. 2020) (citing *Norris v. Hearst* Tr., 500 F.3d 454, 461 n.9 (5th Cir. 2007)).

discretion to take judicial notice of an 'adjudicative fact' at any stage of a proceeding."[2] A court "cannot take judicial notice of findings of fact of other courts, [but] the fact that a judicial action was taken is indisputable and is therefore amenable to judicial notice."[3]

Officer Privette requests that the Court take judicial notice of Harris County District Clerk records for the criminal cases of Jalen Randle, attached as Exhibits 1 through 3 and include charges of: Unlawful Possession of a firearm by a felon, evading arrest, and aggravated assault with a deadly weapon.[4] Taking judicial notice of public records or adjudicative facts on government websites directly relevant to the issue in dispute is proper on a Rule 12(b)(6) review and does not transform the motion into one for summary judgment.[5] A court may take judicial notice of an "adjudicative fact" if the fact is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and read determination by resort to resources whose accuracy cannot be questioned." Fed. R. Evid. 201. *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015 (5th Cir. 1996). The Fifth Circuit has determined that courts may take judicial notice of governmental websites if the information is not subject to reasonable dispute because it can be accurately determined from sources whose accuracy cannot reasonably be questioned.[6]

---

[2] *Mascitti v. Quarterman*, No. C-09-093, 2009 U.S. Dist. LEXIS 112134, 2009 WL 4728003, at *1 (S.D. Tex. Dec. 3, 2009) (citing FED. R. EVID. 201; *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 829 (5th Cir. 1998)).

[3] *Gray ex rel. Rudd v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 408 (5th Cir. 2004) (citing *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 831 (5th Cir. 1998)).

[4] *See* Exhibits 1-3, Cause No. 1763550, 176353, 1763556.

[5] *See Dalfrey v. Boss Hoss Cycles, Inc.*, 456 F. App'x 329, 333 n.3 (5th Cir. 2011) (holding that the district court was not required to convert the motion to dismiss into a motion for summary judgment when it took judicial notice of public records.); *Gray ex rel. Rudd v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 408 (5th Cir. 2004) (citing *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 831 (5th Cir. 1998)); *Funk v. Stryker Corp.*, 631 F.3d 777, 780 (5th Cir. 2011); *see also, e.g., Mascitti v. Quarterman*, No. C-09-093, 2009 U.S. Dist. LEXIS 112134, 2009 WL 4728003, at *1 (S.D. Tex. Dec. 3, 2009); *Mariam v. Excel Maint. Servs.*, 2015 U.S. Dist. LEXIS 183023 (S. D. Tex. 2015).

[6] Fed. R. Evid. 201(b). *See e. g., Ball v. LeBlanc*, 792 F.3d 584, 591 (5th Cir. 2015) (approving the district court's taking of

## <u>ARGUMENT AND AUTHORITIES</u>

**Plaintiffs fail to plausibly allege a constitutional violation to support a § 1983 claim**

To state a claim under 42 U.S.C.S. §1983, a plaintiff must demonstrate first, a violation of

the U.S. Constitution or of federal law; and second, that the violation was committed by someone

acting under color of state law. *O'Dwyer v. Nelson*, 310 F. App'x 741, 742 (5th Cir. 2009). The

pleadings must plausibly establish the personal involvement of Officer Privette in a constitutional

violation. *Floyd v. City of Kenner*, 351 F. App'x 890, 891 (5th Cir. 2009); *Ashcroft*, 556 U.S. at

676; *Roberts v. City of Shreveport,* 397 F.3d 287, 292 (5th Cir. 2005) (citation omitted); *see also*

*Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983). Because qualified immunity is implicated,

Plaintiffs must plead ***specific facts*** that, if proved, would overcome the qualified immunity defense

of Officer Privette, as complaints containing conclusory allegations absent reference to material

facts will not survive a motion to dismiss. *Thompson v. City of Starkville*, 901 F.2d 456, 469 n.13

(5th Cir. 1990).

**Plaintiffs fail to allege facts demonstrating Officer Privette's use of clearly excessive and objectively unreasonable force under the Fourth Amendment**

To state an excessive force claim in violation of the Fourth Amendment, Plaintiffs must

allege facts demonstrating an "injury that results directly and only from a clearly excessive and

objectively unreasonable use of force." *Joseph ex rel. Estate of Joseph v. Bartlett*, 981 F.3d 319,

332 (5th Cir. 2020); *see also Graham v. Connor*, 490 U.S. 386, 395 (1989). "Crucially, this

---

judicial notice of the website materials on the National Weather Service's website); *Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 457 (5th Cir. 2005) (finding information published on a government website fell under F.R.E. 201); *see also Hileman v. Rouse Props.*, No. 4:16-CV-00455-ALM-CAN, 2017 U.S. Dist. LEXIS 186389, at *15-16 (E.D. Tex. 2017) (taking judicial notice of fact findings from internet printout related to wheelchair-related injuries). The Fifth Circuit has previously taken judicial notice of information posted on a government website. *See, e.g., Jaso v. Coca Cola Co.*, 435 F. App'x 346, 354 n.5 (5th Cir. 2011) (per curiam) (citing *Kitty Hawk Aircargo, Inc.*, 418 F.3d at 457 (taking judicial notice of approval by the National Mediation Board published on the agency's website); *Coleman v. Dretke*, 409 F.3d 665, 667 (5th Cir.2005) (per curiam) (taking judicial notice of Texas agency's website), citing *O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 2007 WL 2421754, at *6 (10th Cir. 2007) ("It is not uncommon for courts to take judicial notice of factual information found on the world wide web.") (citations omitted).

analysis must be objective: To make out a Fourth Amendment violation . . . 'the question is whether the officer['s] actions are objectively reasonable in light of the facts and circumstances confronting [him], without regard to their underlying intent or motivation.'" *Poole v. City of Shreveport*, 691 F.3d 624, 628 (5th Cir. 2012) (quoting *Graham*, 490 U.S. at 397) (cleaned up). "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Cloud v. Stone*, 993 F.3d 379, 381 (5th Cir. 2021) (quoting *Graham*, 490 U.S. at 396). The test used to determine whether a use of force was reasonable under the Fourth Amendment "is not capable of precise definition or mechanical application." *Graham v. Connor*, 490 U.S. 386, 396 (1989). Rather, "its proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resting arrest or attempting to evade arrest by flight." *Id.* at 396. Fourth Amendment jurisprudence has long recognized that the right to make an arrest necessarily carries with it the right to use some degree of physical coercion to effect it. *Id.*

   The allegations presented by the Plaintiffs fail to establish a foundation from which one could infer an excessive and objectively unreasonable use of force by Officer Privette. This failure is underscored by a significant omission of critical facts and an inadequate portrayal of the circumstances leading to the use of force.

   Plaintiffs allege that decedent, Mr. Randle, was unaware that he was in an area of several unmarked police vehicles [Doc #1 at ¶26]. As the driver and decedent drove down Wiggins Street, a marked HPD car turned onto the same street "with its signal lights on" *Id.* ¶28. Rather than stop as a police officer in a marked unit activated their emergency equipment to initiate a traffic stop,

Plaintiffs allege, the driver then continued to drive and turned onto Laurentide Street. *Id.* ¶31. The pursuit did not end there, however. Plaintiffs then allege, as the vehicle turned right onto Josie Street, "an HPD cruiser slammed into the rear of the vehicle occupied by Mr. Randle." *Id.* ¶31. Plaintiffs do not allege that the vehicle stopped after the marked HPD unit with emergency equipment activated struck the vehicle. Notably, Plaintiffs allege the car continued to drive *Id.* ¶32. As the vehicle continued to drive and ignore marked police vehicles attempting to stop the vehicle, the HPD cruiser executed a PIT maneuver which turned the vehicle 180 degrees and stopped the vehicle *Id.*¶33. At or around the same time officers were forced execute a PIT maneuver to stop the vehicle that repeatedly ignored officers' attempt to stop, Randle opened the passenger door of the car and attempted to flee. *Id.* ¶37. Notably, Plaintiffs' complaint fails to acknowledge any mention of Randle's actions upon exiting the vehicle, including, whether he was compliant, made his hands visible for officers to see, whether he was armed with a gun or appeared to be reaching for a weapon.

At or around the same time, Plaintiffs allege that "numerous other marked and unmarked HPD vehicles pulled directly in front of the vehicle," as well as Officer Privette's vehicle. *Id.* ¶34,36. Plaintiffs contend that as Mr. Randle attempted to flee, Officer Privette yelled, "show me your hands," and contemporaneously with this command, "shot Mr. Randle in the back of the neck." *Id.* ¶42. These are ***the totality*** of factual allegations regarding the incident forming the basis of this lawsuit.

Particularly absent from the complaint are any facts detailing the severity of the crime at issue, if any. It fails to clarify why there was a significant police presence in the area—whether it was due to a specific reason or sheer coincidence that multiple marked and unmarked officers were in the same area, all attempting to apprehend Randle. Additionally, the complaint omits key

information such as whether Randle exited the vehicle with his hands visible, if he had a gun upon exiting, or if the driver of the vehicle continued to pose a threat to officers or others. As a result, the plaintiffs have not provided sufficient factual allegations to support claims of excessive force under relevant Supreme Court precedent.

**Reasonableness Under the Totality of the Circumstances.**

Other than conclusions and vague suggestions that Randle posed no threat to the safety of officers, the complaint lacks facts that would allow the Court to infer a clearly excessive and objectively unreasonable use of force within the above parameters. The court judges the reasonableness of an officer's use of force "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight," *Graham*, 490 U.S. at 397 (citing *Terry v. Ohio*, 392 U.S. 1, 20–22 (1968)), and avoids "second-guessing a police officer's assessment, made on the scene, of the danger presented by a particular situation," *Valderas v. City of Lubbock*, 937 F.3d 384, 389 (5th Cir.) (per curiam) (quoting *Ryburn v. Huff*, 565 U.S. 469, 477 (2012)), cert. denied, 140 S. Ct. 454 (2019).

As such, Plaintiffs conclusory allegations that "decedent posed no immediate threat of harm to officers or others," must be viewed from the perspective of a reasonable officer on the scene and not by Plaintiffs' baseless allegations. Moreover, these allegations are not entitled to the presumption of truth. The publicly available criminal records for Jalen Randle establish that on March 22,2022, the preceding month before Randle was "unaware he was in an area of a heavy police presence," Randle was charged with "unlawful possession of a firearm by a felon", "aggravated assault with a deadly weapon", and "evading arrest".[7] These complaints detail that Randle was a previous violent felon who was in illegal possession of a firearm. Randle had struck

---

[7] *See* Exhibits 1-3, Cause No. 1763550, 176353, 1763556

the complainant in the face multiple times with a closed fist, placed both hands around her neck, impeding her breathing, and then continued to strike her in the face.[8] While complainant is being choked by Randle, Randle states, "stop crying, I'll shoot you with my gun.[9]" These criminal records not only establish a pattern of violent behavior but also substantiate the reasonableness of Officer Privette's belief that Mr. Randle posed an immediate threat of serious harm.

Despite these publicly availabe government documents, detailing the information Officer Privette and other officers had at the time of the incident regarding Jalen Randle, Plaintiffs allege in conclusory fashion that Randle "did not take any actions that could reasonably be perceived as endangering officers or others." [Doc #1 at ¶39]. The facts however establish that Randle, a felon known to be in possession of a firearm, was in a vehicle that failed to comply with any officer's attempt to initiate a stop, leading officers on a dangerous pursuit that necessitated a PIT maneuver to bring the vehicle to a stop. Following this maneuver, Randle's immediate attempt to flee further escalates the apparent threat for the officers on the scene. Repeating conclusions and allegations that Randle posed no threat need not be credited by this court when the pleadings suggest otherwise. *Iqbal*, 556 U.S. at 677-78 (the court need not consider mere conclusions and implausible factual allegations refuted by the pleadings).

Plaintiffs attempt to downplay Randles' actions by alleging, he "did not brandish a weapon, reach for a weapon, make any violent gestures, threaten anyone, or take any other actions that could be reasonably perceived as endangering officers or others. [Doc #1 at ¶38]. Curiously, plaintiffs did not allege that Randle exited the vehicle with his hands visible or clearly surrendered. Plaintiffs did not allege that Randle did not have a gun in the vehicle. Plaintiffs have not even alleged that Randle exited the vehicle without a firearm. The claims that Randle never threatened

---

[8] *Id.*
[9] *Id.*

anyone are both irrelevant to the reasonableness of actions from the perspective of the officer at the time and contradicted by the few actual facts presented. Additionally, even if Plaintiffs were to allege that Randle was unarmed, this is also irrelevant to the perspective of a reasonable officer on the scene.

Whether he had or had not displayed a gun, or whether he was or was not armed, are irrelevant to the perspective of a reasonable officer on the scene. Plaintiffs do not state facts demonstrating that no reasonable officer could have believed Randle was armed, pointing or reaching for a weapon, even if he was not and no gun was ever found at the scene. *Cloud v. Stone,* 993 F.3d 379, 387 (5th Cir. 2021) ("Our precedent teaches that officers use lethal force justifiably if they reasonably believe the individual is reaching for a gun.  We have adhered to this standard even in cases when officers had not yet seen a gun when they fired, or when no gun was ever found at the scene." [citations omitted]). Plaintiffs do not state facts negating probable cause to believe that Randle posed a threat of serious physical harm, either to the officer or to others, justifying the use of deadly force to prevent his admitted escape. Plaintiffs do not state facts negating probable cause to believe that Randle posed a threat of serious physical harm, either to the officer or to others, justifying the use of deadly force to prevent his escape. *Id.* (citing *Tennessee v. Garner*, 471 U.S. 1, 11 (1985) ("Where the officer has probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer or to others, it is not constitutionally unreasonable to prevent escape by using deadly force."). The complaint wholly fails to allege how Randle did not present a clear and genuine threat to officers on the scene. "The '[u]se of deadly force is not unreasonable when an officer would have reason to believe the suspect poses a threat of serious harm to the officer or others.'" *Carnaby v. City of Houston*, 636 F.3d 183, 188 (5th Cir. 2011) (quoting *Mace v. City of Palestine*, 333 F.3d 621, 624 (5th Cir. 2003)).

The Plaintiffs' allegations are unsupported by the facts at hand. The principles of law dictate that the reasonableness of an officer's use of force must be judged from the perspective of a reasonable officer on the scene, without the benefit of hindsight. The totality of the circumstances, including Mr. Randle's criminal history, his actions during the incident, and the immediate context of a high-risk law enforcement operation, unequivocally demonstrate that Officer Privette's actions were within the bounds of objective reasonableness.

The Court "cannot allow the 'theoretical, sanitized world of our imagination to replace the dangerous and complex world that policemen face every day.'" *Malbrough*, 814 F. App'x at 806 (quoting *Stroik v. Ponseti*, 35 F.3d 155, 158 (5th Cir. 1994) (quoting *Smith v. Freland*, 954 F.2d 343, 347 (6th Cir. 1992))).

**Plaintiffs fail to overcome Officer Privette's Qualified Immunity**

Defendant Officer Privette is protected by qualified immunity. Governmental officials performing discretionary functions are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

On a motion to dismiss, "a district court must first find 'that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity.'" *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012) (quoting *Wicks v. Miss. State Emp't Servs.*, 41 F.3d 991, 994 (5th Cir. 1995)). "Thus, a plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *Id.* at 648. *See also Cole v. Carson*, 935 F.3d 444, 474 (5th Cir. 2019) (Ho & Oldham, JJ., dissenting) (noting thirteen cases in the last sixteen years in which the Supreme Court applied the "extraordinary

remedy of a summary reversal" to correct failures "not only to identify a clearly established rule of law, but to do so with *great specificity*").

Complaints in a section 1983 action attempting to overcome qualified immunity must be pled with "factual detail and particularity." *See Schultea v. Wood*, 47 F.3d 1427, 1428 (5th Cir. 1995 ("The panel observed and we agree that nothing in *Leatherman* disturbed our holding in *Elliott v. Perez*, 751 F.2d 1472 (5th Cir. 1985), that complaints in such cases be pled with "factual detail and particularity.").[10]  Excessive force claims in particular "are highly fact-specific and without cases squarely on point, officers receive the protection of qualified immunity." *Mohamed v. Irving Indep. Sch. Dist.*, 300 F. Supp. 3d 857, 894 (N.D. Tex. 2018) (quoting, *Ontiveros v. City of Rosenberg,* 564 F.3d 379, 383 n.1 (5th Cir. 2009).  *See also Hogan v. Cunningham*, 722 F.3d 725, 735 (5th Cir. 2013) (recognizing qualified immunity in excessive force case required not only examination of clearly established Fourth Amendment standards but also whether a right to remain free the degree of force used in a given situation was clear to a reasonable officer at the scene).

> The Fifth Circuit Court of Appeals has also repeatedly encouraged the district courts to (1) ***require highly fact-specific pleading*** by a plaintiff in a §1983 lawsuit who attempts to overcome a plea of *Harlow* qualified immunity (*Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 195 (5th Cir. 1996); *Todd v. Hawk*, 72 F.3d 443, 446 (5th Cir. 1995); *Schultea v. Wood*, 47 F.3d 1427, 1430 (5th Cir. 1995)); and (2) permit limited discovery pending disposition of the qualified immunity issue only in those extraordinary situations in which the specific facts contained in the plaintiff's pleadings and affidavits are sufficient to defeat the defendant's claims of qualified immunity. *Reyes v. Sazan*, 168 F.3d at 161.  ***This heightened pleading requirement*** applies to *pro se* litigants.  *Jackson v. City of Beaumont Police Department*, 958 F.2d 616, 621 (5th Cir. 1992); *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986).  "[P]laintiffs must demonstrate *prior to discovery* that their allegations are sufficiently fact-specific to remove the cloak of protection

---

[10] *See also Waganfeald v. Gusman*, 674 F.3d 475, 483 (5th Cir. 2012), *Hobbs v. Warren*, 838 F. App'x 881, 882 (5th Cir. 2021).  *See also Siegert v. Gilley*, 500 U.S. 226, 231-32 (1991) (holding that, until a determination is made that the plaintiff's clearly established constitutional rights were violated, discovery should not be allowed); *Anderson v. Creighton*, 483 U.S. 635, 646 n.6 (1987); *Mitchell v. Forsyth*, 472 U.S. 511, 526-27 (1985); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

afforded by an immunity defense." *Jackson v. City of Beaumont Police Department*, 958 F.2d at 620; *Reyes v. Sazan*, 168 F.3d at 161; *Babb v. Dorman*, 33 F.3d 472, 477 (5th Cir. 1994); *James v. Sadler*, 909 F.2d 834, 838 (5th Cir. 1990) (holding questions regarding qualified immunity are resolved on the face of the pleadings and with limited resort to pre-trial discovery). **A complaint which raises the likely issue of immunity cannot be cast in broad, vague, general, indefinite, or conclusory terms, but must include detailed facts supporting the contention that the plea of immunity cannot be sustained.** *Gobert v. Caldwell*, 463 F.3d 339, 348 n.27 (5th Cir. 2006); *Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005); *Southard v. Texas Board of Criminal Justice*, 114 F.3d 539, 555 (5th Cir. 1997). Discovery related to the applicability of qualified immunity is appropriate only when factual issues exist as to the applicability of qualified immunity. *Gaines v. Davis*, 928 F.2d 705, 707 (5th Cir. 1991).

*Rodriguez v. Bexar Cty. Hosp. Dist.*, No. SA-14-CA-861-OG, 2015 U.S. Dist. LEXIS 160520, at *70-74 (W.D. Tex. 2015) (emphases added).

The Supreme Court and the Fifth Circuit have strongly encouraged district courts to dispose of § 1983 lawsuits in which qualified immunity claims are apparent from the pleadings without resort to cumbersome and expensive discovery. *Schultea*, 47 F.3d at 1428; *Perez*, 751 F.2d 1472. The Fifth Circuit clarified in *Carswell v. Camp* that a district court:

> may not permit discovery—"cabined or otherwise"—against immunity-asserting defendants **before it has determined plaintiffs have pleaded facts sufficient to overcome the defense.** Ibid. "The rule is that 'a defendant's entitlement to qualified immunity should be determined at the earliest possible stage of the litigation'—full stop."

*Carswell v. Camp*, __ F.4th __, No. 21-10171, 2022 U.S. App. LEXIS 16901 at *9, 2022 WL 2186363 (5th Cir. 2022). Overruling prior decisions permitting limited or "narrowly tailored" discovery pursuant to a "careful procedure," the Fifth Circuit now has made clear "the rule admits of no exceptions." *Id.* at *8-9. The benefits of qualified immunity, which include not having to file an answer or engage in pretrial discovery, must be preserved while qualified immunity is adjudicated at the earliest possible opportunity. *Id.* at *11 (citing *Ramirez v. Guadarrama*, 3 F.4th 129, 133 (5th Cir. 2021) (per curiam); *Mitchell*, 472 U.S. at 526-27; *Pearson v. Callahan*, 555 U.S.

223, 237 (2009); *Wicks v. Miss. State Emp't Servs.*, 41 F.3d at 993).

The Supreme Court has continually found it "necessary to reiterate the longstanding principle that 'clearly established law' should not be defined 'at a high level of generality.'" *White v. Pauly*, 137 S. Ct. 548, 552 (2017) (multiple citations and quotations omitted). *See also Cole v. Carson*, 935 F.3d 444, 473 (5th Cir. 2019) (en banc) (Ho & Oldham, JJ., dissenting) (noting thirteen cases in the last sixteen years in which the Supreme Court applied the "extraordinary remedy of a summary reversal" to correct failures to identify clearly established law with specificity). "As [the Supreme Court] explained decades ago, the clearly established law must be 'particularized' to the facts of the case." *Id.* (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011)). Under this standard, "'[q]ualified immunity is justified unless ***no reasonable officer*** could have acted as [the defendant officers] did here, or every reasonable officer faced with the same facts would not have [acted as the defendant officers did].'" *Tucker v. City of Shreveport*, 998 F.3d 165, 174 (5th Cir. 2021) (citations and quotations omitted).

"The hurdle is even higher when the plaintiff alleges a Fourth Amendment violation." *Henderson*, 51 F.4th at 135. Excessive force claims in particular "are highly fact-specific and without cases squarely on point, officers receive the protection of qualified immunity." *Mohamed v. Irving Indep. Sch. Dist.*, 300 F. Supp. 3d 857, 894 (N.D. Tex. 2018) (quoting *Ontiveros v. City of Rosenberg,* 564 F.3d 379, 383 n.1 (5th Cir. 2009)). "[I]n excessive-force cases requiring split-second judgments, it is 'especially difficult' to overcome qualified immunity. That is because [] it is sometimes difficult for an officer to determine how the relevant legal doctrine . . . will apply to the factual situation the officer confronts.'" *Henderson*, 51 F.4th at 135 (citations omitted). "[Q]ualified immunity protects actions in the hazy border between excessive and acceptable force." *Mullenix v. Luna*, 577 U.S. 7 (2015). Thus, Plaintiff must demonstrate that the law is "*so*

clearly established that—in the blink of an eye, in the middle of a high-speed chase—every reasonable officer would know it immediately." *Henderson v. Harris County*, 51 F.4th 135 (5th Cir. 2022) (quoting *Morrow*, 917 F.3d at 875).

Plaintiffs cannot identify a case or body of precedential case law in effect prior to the incident holding that an officer violated the constitution by using deadly force against a suspect with a dangerous criminal history who evaded arrest, led officers on a pursuit, and exited his vehicle. The clearly established law is the opposite. *Henderson* dismissed an excessive force claim by a fleeing suspect who suddenly stopped and moved his arms in a manner suggesting he ***might*** be reaching for a weapon. *Henderson*, 51 F.4th at 135. Here, Plaintiff admits to materially identical behavior with the additional admission that he got out of the vehicle holding what could have been a weapon. Plaintiff had not voluntarily stopped, dropped to his knees with hands up, laying prone with legs crossed like the surrendering suspect in *Salazar*, where the officers were nevertheless justified in tasing him. *Salazar*, 37 F.4th at 285-86. This is not the obvious case of an officer seizing an unarmed, nondangerous suspect by shooting him dead.

## CONCLUSION AND PRAYER

After a review of the facts and legal principles relevant to Officer Privette's motion to dismiss, it is evident that the Plaintiffs' claims do not meet the requisite legal standard to state a plausible claim for relief, let alone overcome Officer Privette's qualified immunity. Defendant, Officer Shane Privette, respectfully prays that the Honorable Court grant this motion and dismiss with prejudice all Plaintiffs' claims against him and grant all other relief to which he may be entitled.

Respectfully submitted,

**ARTURO G. MICHEL**
**City Attorney**

CHRISTY L. MARTIN
Chief, Torts/Civil Rights

By:    /s/ Alexander Garcia
Alexander Garcia
Assistant City Attorney
SBN:  24104429
FBN:  3852904
832.393.6293
Alexander.garcia@houstontx.gov
CITY OF HOUSTON LEGAL DEPARTMENT
900 Bagby, 4th Floor
Houston, Texas 77002
832.393.6259 Facsimile

*Attorneys for Defendant,*
*Officer Shane Privette*


## VERIFICATION

I hereby verify, under penalty of perjury, that the records attached as Exhibits 1-3 contain true and correct copies of the documents they are represented to be.

September 4, 2024            */s/ Alexander Garcia*
Date                                  Alexander Garcia


## CERTIFICATE OF SERVICE

I hereby certify that pursuant to the Federal Rules of Civil Procedure, a true and correct copy of the foregoing was filed via CM/ECF and served via electronic filing manager to all counsel of record.

*/s/ Alexander Garcia*
Alexander Garcia