UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MIA SEARLES, as administrator of the Estate of Jalen Randle., *et al.,*<br><br>    Plaintiffs,<br><br>vs.<br><br>CITY OF HOUSTON *et al*.,<br><br>    Defendants. | CASE NO.: 4:24-cv-01534<br><br>JUDGE LEE H. ROSENTHAL |

# MOTION TO EXTEND TIME FOR DISCOVERY

**Dated:** December 6, 2024

Plaintiffs Mia Searles, as administrator of the Estate of Jalen Randle, deceased, and Tiffany Rachal, Warren Randle, and S.S., a minor, in their individual capacities as wrongful death beneficiaries of Jalen Randle, deceased (collectively, "Plaintiffs"), move this Honorable Court for an order extending the time for discovery sixty (60) days and offers in support the following:

## I.   INTRODUCTION

Pursuant to the Initial Conference and Motion Hearing held before this Court on December 2, 2024, the Defendants' motions to dismiss were converted into motions for summary judgment and the parties will be conducting discovery on the issue of qualified immunity. The Defendants' deadline for filing their motions for summary judgment is January 31, 2025, with the Plaintiffs' reply due on February 21, 2025; oral argument will be held on February 28, 2025. The Plaintiffs respectfully request an extension of time in the amount of sixty (60) days to properly adhere to this Court's order to conduct discovery on the issue of qualified immunity.

## II.   FACTUAL BACKGROUND

On April 25, 2024, Plaintiffs initiated this civil rights action, pursuant to 42 U.S.C. § 1983, against Defendants City of Houston, Texas (the "City"), former Chief of Police Troy Finner, Officer Shane Privette, and John Does Nos. 1-10 (collectively, "Defendants"), alleging: (1) excessive force against Defendant Privette; (2) supervisory liability against Defendants Finner and John Does Nos. 1-10; and (3) municipal liability against Defendant City of Houston. (Doc. No. 1). All parties subsequently moved to dismiss this action. On December 2, 2024, the Defendants' motions to dismiss were converted into motions for summary judgment and the parties will be conducting discovery on the issue of qualified immunity.

### III.　STATEMENT OF THE ISSUE

The relevant issue is whether there is good cause shown for the court granting this motion to enlarge the deadline in the scheduling order, shown by the schedule not reasonably being able to be met despite the Plaintiff's diligence.

### IV.　STANDARD OF REVIEW

Under Rule 16(b)(4) a schedule may be modified only for good cause and with the Judge's consent. Good cause may be demonstrated by the party seeking the extension because despite their diligence, the deadline cannot reasonably be met. *Hernandez v. Mario's Auto Sales, Inc.*, 617 F. Supp. 2d 488, 492 (S.D. Tex. 2009).

### V.　LAW AND ARGUMENT

In the instant case, this abbreviated discovery schedule, does not reasonably provide for adequate time to fulfill written discovery, discovery responses, present and defend depositions, order and receive transcripts, then providing expert reports, despite the Plaintiffs' diligence. While consent of the Court is necessary to modify the schedule, justifications such as not notifying the court of scheduling conflicts in a timely manner, carelessness, and repeated extensions can be the reason for a court's denial of a motion for the extension of time. *Hernandez*, 617 F. Supp. 2d 488. None of these reasons are present in this case. The Parties have not requested a previous discovery deadline extension, the Plaintiffs notified the Court of the scheduling concerns as soon as it was practicable, and there was no carelessness involved in this request for an extension. Additionally, good cause can be found and extensions granted based on counsel's schedule. *Garza v. Webb County, Tex.*, 296 F.R.D. 511 (2014).

Despite diligent efforts, Plaintiffs seek an extension of time for good cause to fully develop the record regarding the defense of qualified immunity. Currently, the Plaintiffs' schedules are inundated with depositions throughout the month of December in the federal case,

*Keisha Acton, et al. v. Allister Adel, et al.*, in the District of Arizona, Case No.: 2:2021-cv-01226 ("Acton"). Because of the number of parties and their respective availability, the Acton case has received the final extension to the discovery cutoff of January 10, 2025, and the depositions are unable to be moved.

Additionally, the current schedule leaves the window for discovery in this case smaller than would be reasonably necessary to accommodate this discovery period. In addition to the time constraints posed by other matters and the holiday season, Plaintiff's counsel will likely have written discovery served upon the Defendants on or around December 6, 2024. Even assuming that no extensions of time are received by the Defendants, they would have until January 6, 2024, to respond. Based on the information provided by Defendants' responses, the scope will narrow the focus of the depositions of Shane Privette, Troy Finner, and the City of Houston. Assuming the most favorable scheduling for depositions and expedited deposition transcripts, this still does not leave Plaintiffs with sufficient time to (1) take the requisite depositions, (2) receive deposition transcripts, (3) provide these transcripts to retained experts, and (4) allow them time to provide expert reports based on this discovery. As such, Plaintiffs' motion should be granted.

## VI. CONCLUSION

For the foregoing reasons, Plaintiffs' motion should be granted, and this Court should extend the time for Discovery by sixty (60) days.

DATED:  December 6, 2024,

                                    Respectfully submitted,

                                    */s/ Joseph T. Frate*
                                    Robert F. DiCello (*Pro hac vice*)
                                    Kenneth P. Abbarno (*Pro hac vice*)
                                    Justin J. Hawal (*Pro hac vice*)

> Joseph T. Frate (*Pro hac vice*)
> Joe F. Fouche III (24132047)
> **DiCELLO LEVITT LLP**
> 8160 Norton Parkway, Third Floor
> Mentor, Ohio 44060
> rfdicello@dicellolevitt.com
> kabbarno@dicellolevitt.com
> jhawal@dicellolevitt.com
> jfrate@dicellolevitt
> jfouche@dicellolevitt.com
>
> Larry F. Taylor, Jr. (24071156)
> **THE COCHRAN FIRM**
> 1825 Market Street, Suite 500
> Dallas, Texas 75207
> ltaylor@cochrantexas.com
>
> *Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 6, 2024, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants on record in this matter.

> */s/ Joseph T. Frate*
> Joseph T. Frate
> **DiCELLO LEVITT LLP**
>
> *Counsel for Plaintiffs*