IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Mia Searles, as administrator of the estate of Jalen Randle, Tiffany Rachal, Warren Randle, Jalen Randle, and Minor S.S.<br>　　　*Plaintiffs*, | § § § § § | |
| v. | § § | Civil Action No. 4:24-cv-01534 |
| City of Houston, Troy Finner, Shane C. Privette, John Does No. 1-10<br>　　　*Defendants*, | § § § § | |

### DEFENDANT OFFICER SHANE PRIVETTE'S UNOPPOSED MOTION FOR ENTRY OF CONFIDENTIALITY AND PROTECTIVE ORDER

Defendant Officer Shane Privette files this Unopposed Motion for Entry of a Confidentiality and Protective Order in the above styled and numbered cause, and would respectfully show the following in support:

### BACKGROUND

1. This is a civil rights case stemming from an incident between decedent, Jalen Randle, and Houston Police Officer, Shane Privette on April 27, 2022. (Doc. #1)

2. Discovery limited to Officer Privette's qualified immunity has commenced and Defendant may be required by the Rules to produce all documents that support claims or defenses. *See* Fed. R. Civ. Pro. 26(a)(1)(A)(ii). These records, and other records expected to be subject to discovery in this case, will include Internal Affairs Division (IAD) records or files, personnel records, and body-worn camera recordings. These items are not subject to public disclosure as a matter of law and/or constitute an invasion of privacy rights of the individuals involved. Discovery is also expected to include Houston Police Department standard operating procedures containing sensitive or secret tactical information that require protection. A confidentiality and protective

order will facilitate the production of records that otherwise might be withheld as permitted under the rules.

3. Internal Affairs Division files are investigatory files that relate to disciplinary action against peace officers and are created by the police department for the police department's use. *See* Tex. Local Gov't Code 143.1214(b; §143.089(a-f). Pursuant to Section 143.089(g), a police department may not release any information contained in the department file to any agency or person requesting information relating to a police officer. Tex. Local Gov't Code § l43.089(g). Further, Section 143.089 declares "a legislative policy decision against disclosure of unsubstantiated claims of misconduct made against police officers…, except with an individual's written consent." *City of San Antonio v. Texas Attorney General*, 851 S.W.2d 946, 949 (Tex. App.—Austin 1993, writ denied); Tex. Local Gov't Code §143.089 (a-f). Therefore, any Internal Affairs Division files or records are confidential, and their release limited by law.

4. Further, personnel files maintained by a police officer's employer contain specific personal information that is confidential under Texas law and thus, exempt from public disclosure. *See* Texas Government Code, Chapter 552 et seq. Specifically, the statutory exemptions include but are not limited employee personal information, including employee ID number; home address and telephone numbers, social security numbers, information regarding family members of peace officers; and investigation of a crime under certain circumstances. Tex. Gov't Code §§552.102, 552.117, 552.1175, & 557.108(a)(2).

5. Good cause exists for a protective order. Defendant Privette does not seek to withhold confidential information from disclosure to Plaintiffs; but is merely moving to prohibit public disclosure of protected/confidential information, so that discovery may proceed without delay or complication.

## PRAYER

6.      For these reasons, Defendant Officer Shane Privette respectfully requests that the proposed Confidentiality and Protective Order attached be entered, in its entirety, by this Court for the reasons stated above.

          Respectfully submitted,

          **ARTURO G. MICHEL**
          **City Attorney**

          CHRISTY L. MARTIN
          Chief, Torts & Civil Rights Section

Date: February 13, 2025.    By:    */s/ Alexander Garcia*
          Alexander Garcia
          Assistant City Attorney
          ATTORNEY IN CHARGE
          SBN: 24104429
          FBN: 3852904
          832.393.6293
          alexander.garcia@houstontx.gov

          City of Houston Legal Department
          900 Bagby, 4th Floor
          Houston, Texas 77002
          832.393.6259 Facsimile

          ***Attorneys for Defendant,***
          ***City of Houston***

**CERTIFICATE OF CONFERENCE**

I hereby certify that on the 12th of February 2025, the undersigned counsel conferred with Plaintiffs' counsel. Plaintiffs' counsel stated on the 13th day of February 2025, they are unopposed to this motion.

                                        */s/ Alexander Garcia*
                                        Alexander Garcia

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of February 2025, a true and correct copy of the foregoing document, and any attachments, were delivered to all opposing counsel(s) by electronic filing of same in accordance with the District's ECF service rules, and alternatively via e-mail and/or facsimile transmission.

                                        */s/ Alexander Garcia*
                                        Alexander Garcia