# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| MIA SEARLES, as administrator of the Estate of Jalen Randle., *et al.,*<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF HOUSTON *et al.*,<br><br>Defendants. | CASE NO.: 4:24-cv-01534<br><br>JUDGE LEE H. ROSENTHAL |

### PLAINTIFFS' SUPPLEMENTAL BRIEF REGARDING *BARNES V. FELIX*

Pursuant to this Court's May 20, 2025 Order (Doc. No. 69), Plaintiffs Mia Searles, as administrator of the Estate of Jalen Randle, deceased, and Tiffany Rachal, Warren Randle, and S.S., a minor, in their individual capacities as wrongful death beneficiaries of Jalen Randle, deceased (collectively, "Plaintiffs"), respectfully submit this supplemental brief regarding the Supreme Court's recent decision in *Barnes v. Felix*, 605 U.S. ---, 145 S. Ct. 1353 (2025).

**Dated:** June 6, 2025

**INTRODUCTION**

Notwithstanding the United States Supreme Court's decision in *Barnes*, Defendant Privette's motion for summary judgment should be denied. In *Barnes*, the Supreme Court held that the Fifth Circuit's "moment-of-threat" rule improperly "constricts" the proper inquiry into the "totality of the circumstances" for assessing reasonableness, abrogating the Fifth Circuit's decisions in *Rockwell v. Brown*, 664 F.3d 985 (5th Cir. 2011) and *Harris v. Serpas*, 745 F.3d 767 (5th Cir. 2014). *Barnes v. Felix*, 605 U.S. ---, 145 S. Ct. 1353, 1357 (2025). While Plaintiffs cited the Fifth Circuit's decision in *Rockwell* on one occasion for the proposition that "courts must tailor their threat assessment to the moment prompting the officer's use of deadly force, 'regardless of what had transpired up until the shooting itself'" (Doc No. 66 at 9), Plaintiffs nonetheless fully explained why Defendant Privette's use of deadly force was objectively unreasonable under the totality of the circumstances, analyzing the factors set forth in *Graham v. Connor*, 490 U.S. 386 (1989) and *Singleton v. Casanova*, No. 22-250327, 2024 WL 2891900 (5th Cir. Jun. 10, 2024). *See* Doc. No. 66 at 8-9.

Indeed, *Barnes* simply reinforces established precedent that requires courts to review an officer's conduct under the totality of the circumstances when assessing the use of force. *See Barnes*, 145 S. Ct. at 1358-59. In doing so, the Supreme Court reiterated that "the situation at the precise time of the shooting will often be what matters most; it is, after all, the officer's choice in that moment that is under review." *Id.* at 1358. The Supreme Court further recognized that "historical facts will not often matter as much . . . to the reasonableness analysis" and "some of those facts may not be relevant at all." *Id.* at 1359. But historical facts may nonetheless be considered under "fact-dependent and context-sensitive" totality of the circumstances inquiry. *Id.*

Here, while the Court may consider what officers knew about Mr. Randle's historical background prior to the use of deadly force, it is but one factor to consider under the totality of the

circumstances. Defendant Privette's use of deadly force remains unreasonable under the totality of the circumstances because there is no evidence that Mr. Randle posed an immediate threat of harm to officers or others at the time of the shooting—the most important factor in determining if a threat to the officer justifies the use of deadly force under the totality of the circumstances. *See Poole v. City of Shreveport*, 13 F.4th 420, 425 (5th Cir. 2021); *see also* Doc. No. 66 at 10-15. And, because there is no evidence that Mr. Randle posed an immediate threat of harm to officers or others at the time of the shooting, Defendant Privette's failure to provide Mr. Randle with a reasonable opportunity to comply with his orders before shooting him was unreasonable. *See Singleton*, 2024 WL 2891900, at *7. Defendant Privette's motion for summary judgment should, therefore, be denied.

## **SUMMARY AND HOLDING OF *BARNES V. FELIX***

The *Barnes* case stems from a 2016 traffic stop, where Roberto Felix, Jr., a law enforcement officer patrolling a highway outside Houston, pulled over a driver, Ashtian Barnes, after receiving a radio alert about an automobile on the road with outstanding toll violations. *Barnes*, 145 S. Ct. at 1356. As Felix requested Barnes' drivers license, Barnes began rummaging through the vehicle to search for it, which caused Felix to tell him to "stop digging around." *Id*. After Felix stated that he smelled marijuana in the car, Barnes stated that he may have identification in the trunk. *Id*. Felix then told him to open the trunk from his seat. *Id*. Barnes did so, while also turning off the ignition. *Id*. With his right hand resting on his holster, Felix told Barnes to get out of the car. *Id*. Barnes opened the door but did not exit; instead, he turned the ignition back on. Felix unholstered his gun and, as the car began to move forward, jumped onto its doorsill. *Id*. He twice shouted, "Don't fucking move." *Id*. And with no visibility into the car, he fired two quick shots inside, hitting and killing Barnes. *Id*. About five seconds elapsed between when the car started moving and when it

stopped. *Id*. And within that period, two seconds passed between the moment Felix stepped on the doorsill and the moment he fired his first shot. *Id*.

Initially, this judicial district granted summary judgment to Felix, applying the Fifth Circuit's "moment-of-threat" rule. *Id*. at 1357. The Fifth Circuit Court of Appeals affirmed, explaining that the moment-of-threat rule requires asking only whether an officer was "in danger at the moment of the threat that resulted in [his] use of deadly force." *Id*. Under the rule, events "leading up to the shooting" are "not relevant." *Id*. Here, the "precise moment of threat" was the "two seconds" when Felix was clinging to a moving car. *Id*. Because, at that point, Felix could have reasonably believed his life was in danger, the panel held, the shooting was lawful. *Id*.

In a unanimous opinion, the Supreme Court held that the "moment-of-threat" rule conflicts with inquiry into the totality of the circumstances for assessing reasonableness of the use of force, stating that "[a] court deciding a use-of-force case cannot review the totality of the circumstances if it has put on chronological blinders." *Id*. at 1359. The Supreme Court, however, reiterated that "the situation at the precise time of the shooting will often be what matters most; it is, after all, the officer's choice in that moment that is under review." *Id.* at 1358. The Supreme Court further recognized that "historical facts will not often matter as much . . . to the reasonableness analysis" and "some of those facts may not be relevant at all." *Id.* at 1359. After holding the "moment-of-threat" rule was improper, the Supreme Court vacated the judgment and remanded the matter to be considered under the totality of the circumstances, as opposed to putting on "chronological blinders" to simply consider the two seconds before the shooting. *Id*. at 1360.

## IMPACT OF THE BARNES DECISION TO THE PRESENT CASE

The Supreme Court's decision in *Barnes* does not meaningfully impact this case, nor does it require the Court to deviate from the qualified immunity analysis set forth in Plaintiffs' brief. Plaintiffs' brief properly states that the ultimate question for the Court to answer is "'whether the

3

totality of the circumstances justified' the use of force." (Doc. 66 at 13) (quoting *Khansari v. City of Houston*, 14 F. Supp. 3d 842, 853 (S.D. Tex. 2014); *Tennessee v. Garner*, 471 U.S. 1 (1985)). The decision in *Barnes* reinforces this analysis and emphasizes the various factors set forth in *Graham* and Fifth Circuit precedent to be analyzed in determining the reasonableness of an officer's use of deadly force. The Supreme Court reiterated that, when reviewing the reasonableness of an officer's use of deadly force, "[t]here is no 'easy-to-apply legal test' or 'on/off switch' in this context." *Barnes*, 145 S. Ct. at 1358 (citing *Scott v. Harris*, 550 U.S. 372, 382–383, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007)). Rather, the Fourth Amendment requires that a court "slosh [its] way through" a "factbound morass," giving "careful attention to the facts and circumstances" relating to the incident, as then known to the officer. *Id*. (citing *Graham*, 490 U.S., at 396, 109 S. Ct. 1865).

Plaintiffs' brief establishes that there are genuine issues of material fact as to whether Defendant Privette's use of deadly force was unreasonable under the totality of the circumstances. Indeed, none of the circumstances leading up to the shooting justify Defendant Privette's use of lethal force. While Defendant Privette observed Mr. Randle prior to the vehicle chase that directly preceded the shooting, at no point did he observe Mr. Randle with a weapon or engaging in any other threatening behavior. *See* Privette Tr. at 70:2 – 74:21. During the pursuit of Mr. Randle's vehicle, Defendant Privette likewise did not observe weapons inside the vehicle or any other indicia that Mr. Randle posed an immediate threat of harm to officers. *Id.* at 74:10-21. Once Mr. Randle's vehicle came to a stop, he attempted to flee from police. *Id.* at 77:15-23. Defendant Privette concedes that Mr. Randle did not make any threatening gestures or movements toward police when he attempted to flee. *Id.* at 84:13-20. Nonetheless, despite no evidence that Mr. Randle posed an immediate threat to officers or others, Defendant Privette shot and killed Mr. Randle

4

contemporaneously with giving a verbal command for Mr. Randle to: "Let me see your hands." *Id.* at 88:1-4, 145:11-22; *see also* Doc. No. 61-8.

While Defendant Privette asserts that he had reason to believe that Mr. Randle was violent due to an incident that allegedly occurred over one month prior to the shooting (*see* Doc. Nos. 61-1, 61-5), that is but one circumstance to consider under the Supreme Court's holding in *Barnes*. And it is not the most important factor. *See Barnes*, 145 S. Ct. at 1358 (stating "the situation at the precise time of the shooting will often be what matters most"). *Barnes* did not alter the well-established principle that "using deadly force is objectively reasonable only when the circumstances are such that the officer has probable cause to believe that the suspect poses an ***immediate and significant threat of death or serious physical injury to the officer (or others)*.…**" *Singleton*, 2024 WL 2891900, at *6 (emphasis added) (citing *Garner*, 471 U.S. 1, 3, 11–12 (1985) and *Arugueta v. Jaradi*, 86 F.4th 1084, 1088 (5th Cir. 2023)). In other words, *Barnes* does not support the notion that Defendant Privette's subjective belief that Mr. Randle had a propensity for violence based upon an incident that occurred over one month prior outweighs the objective evidence that shows Mr. Randle did not pose a threat of harm to officers at any point on the date of the shooting. Accordingly, for the reasons stated fully in Plaintiffs' brief in opposition (Doc. No. 66), the totality of the circumstances establish that Defendant Privette acted unreasonably, violating Mr. Randle's clearly established constitutional right to be free from the unreasonable use of force.

## **CONCLUSION**

The Supreme Court's decision in *Barnes* does not provide Defendant Privette with qualified immunity and, therefore, Defendant Privette's motion for summary judgment should be denied.

DATED: June 6, 2025

Respectfully submitted,

*/s/ Joseph T. Frate*
Robert F. DiCello (*Pro hac vice*)
Kenneth P. Abbarno (*Pro hac vice*)
Justin J. Hawal (*Pro hac vice*)
Joseph T. Frate (*Pro hac vice*)
**DICELLO LEVITT LLP**
8160 Norton Parkway, Third Floor
Mentor, Ohio 44060
rfdicello@dicellolevitt.com
kabbarno@dicellolevitt.com
jhawal@dicellolevitt.com
jfrate@dicellolevitt.com

Larry F. Taylor, Jr. (24071156)
**THE COCHRAN FIRM**
1825 Market Street, Suite 500
Dallas, Texas 75207
ltaylor@cochrantexas.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 6, 2025, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants on record in this matter.

                                      */s/ Joseph T. Frate*
                                      Joseph T. Frate (*Pro hac vice*)
                                      **DiCELLO LEVITT LLP**

                                      ***Counsel for Plaintiff***