# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| Mia Searles, as administrator of the estate of Jalen Randle, Tiffany Rachal, Warren Randle, Jalen Randle, and Minor S.S.<br>    *Plaintiffs*, | § § § § § | |
| v. | § § | Civil Action No. 4:24-cv-01534 |
| City of Houston, Troy Finner, Shane C. Privette, John Does No. 1-10<br>    *Defendants*, | § § § § | |

## DEFENDANT SHANE PRIVETTE'S SUPPLEMENTAL BRIEF ON *BARNES V. FELIX*

TO THE HONORABLE JUDGE LEE H. ROSENTHAL:

Pursuant to the Court's request for supplemental briefing, Defendant Officer Shane Privette submits this brief addressing the impact of *Barnes v. Felix* on his Motion for Summary Judgment. *Barnes* rejected the Fifth Circuit's "moment-of-threat" rule, mandating a totality of the circumstances analysis for Fourth Amendment excessive force claims, which governs both the constitutional violation inquiry and the qualified immunity analysis. This ruling further confirms Officer Privette's use of force against Jalen Randle was objectively reasonable, resulting in no constitutional violation. Additionally, *Barnes* reinforces that Plaintiffs must identify precedent clearly establishing a constitutional violation under the same totality of circumstances approach, which Plaintiffs failed to do. Accordingly, Officer Privette is entitled to qualified immunity, and the Court should grant summary judgment.

## I. INTRODUCTION

In *Barnes*, the Supreme Court vacated a Fifth Circuit decision limiting excessive force analysis to the "two seconds" before deadly force, holding that courts must assess the "totality of the circumstances," including prior events. *Barnes v Felix* 145 S. Ct. 1353, 1358 (2025). The "totality

of the circumstances" inquiry has no time limit. "A court deciding a use-of-force case cannot review the totality of the circumstances if it has put on chronological blinders." *Id.* at 1359. This ruling bolsters Officer Privette's motion for summary judgment, as it requires consideration of Randle's violent felony warrants, his prior escape, flight, and his return to the vehicle to grab a bag containing a loaded firearm that Officer Privette reasonably perceived as a firearm. These dangerous circumstances further establish Officer Privette's use of force as objectively reasonable, negating any constitutional violation. Absent a constitutional violation and with no clearly established law prohibiting Officer Privette's actions, no Fourth Amendment claim exists, rendering Officer Privette entitled to qualified immunity.

Plaintiffs' opposition focuses on the "moment of threat," disregarding Randle's dangerous prior actions (Doc. No. 66). *Barnes* undermines Plaintiffs' approach stating, "a court cannot thus 'narrow' the totality of the circumstances inquiry, to focus on only a single moment. It must look too, in this and all excessive-force cases, at any relevant events coming before.'" *Id.* at 1360. By mandating a comprehensive analysis, *Barnes* reinforces Officer Privette's position that his use of force was reasonable and that Plaintiffs fail to meet the heightened burden for overcoming qualified immunity.

## II. Officer Privette's Reasonableness Under the Totality of the Circumstances

*Barnes* requires courts to assess the "totality of the circumstances," considering all relevant factors without a temporal limit. *Id.* at 1358. On April 27, 2022, Officer Privette faced a rapidly escalating encounter with Randle, a fugitive wanted for aggravated assault, felon in possession of a firearm, and evading arrest (Doc. No. 61, Ex. 2-4). Officer Privette was briefed on Randle's violent history, prior escape from police, and propensity to carry firearms. (Doc. No. 61, Ex. 1). When Houston police officers attempted to apprehend Randle for his warrants, Randle led

officers on a vehicle pursuit, requiring a PIT maneuver, where Randle fled on foot, returned to the vehicle, and emerged holding a dark object containing a loaded firearm while facing officers (Doc. No. 61, Ex. 8 at 3:26-3:30). Officer Privette reasonably perceived Randle was reaching for a firearm based on Randle's history, actions, and his training. (Deposition at 60:12-19; 91:1-2; 95:18-21; 94:12-95:4; 96:4-8). *Barnes* mandates consideration of these factors, viewed from "the perspective of a reasonable officer on the scene." *Id.* The severity of Randle's crimes, his prior evasion, active resistance through flight and vehicle re-entry, and the imminent threat posed to the police and community at large justify Officer Privette's response. As the concurrence in *Barnes* underscores, officers make "split-second judgments" in "tense, uncertain, and rapidly evolving" circumstances, far removed from hindsight scrutiny. *Id.* at 1363 (Kavanaugh, J., concurring) (quoting *Graham*, 490 U.S. at 396–97). As *Barnes* requires consideration of these prior events, Officer Privette's use of force was objectively reasonable under the totality of the circumstances.

## III. Plaintiffs' "Moment of Threat" Arguments are Invalid.

Plaintiffs' opposition relies on the "moment of threat," citing to the cases of *Rockwell v. Brown*, *Bazan v. Hidalgo Cnty,* and *Amador v. Vasquez*, (Doc. No. 66). These cases narrowly confine the excessive force inquiry to the precise moment of the shooting, which *Barnes* invalidates. "The excessive force inquiry is confined to whether the [officer] was in danger at the moment of the threat that resulted in the . . . shooting." *Bazan*, 246 F.3d at 493. (Doc. No. 61 at pg. 13). "Where deadly force is used, courts must tailor their threat assessment to the moment prompting the officer's use of deadly force, "regardless of what had transpired up until the shooting itself." *See Rockwell v. Brown*, 664 F.3d 985, 991 (5th Cir. 2011) (*quoting Bazan v. Hidalgo Cnty.*, 246 F.3d 481, 493 (5th Cir. 2001)). (Doc. No. 61 at pg. 9).

*Barnes* rejects this "chronological blinders" approach, mandating the court take

consideration of Randle's violent prior actions and the totality of the circumstances. Moreover, the case of *Rockwell* has been overturned by *Barnes*, rendering Plaintiffs' moment of threat arguments without merit. Plaintiffs' opposition relies on a legal foundation that no longer holds authoritative weight in this circuit. The totality of the circumstances standard, as mandated by *Barnes*, requires the court to evaluate Randle's documented violent behavior, his active pursuit from the officers, his propensity to carry firearms, his return to the vehicle to grab a bag containing a loaded firearm, and all other relevant actions that heightened Randle's threat. Plaintiffs' reliance on a narrow temporal focus fails under *Barnes*. Consequently, Plaintiffs' argument lacks any merit.

### IV. Qualified Immunity Analysis Under *Barnes*

*Barnes* directly impacts the qualified immunity analysis by confirming that the objective reasonableness of deadly force—and thus any constitutional violation—must be assessed on the totality of the circumstances, from the perspective of a reasonable officer. To overcome Officer Privette's qualified immunity, Plaintiffs were to identify precedent as of April 27, 2022, clearly establishing that Privette's use of force, under the same totality of the circumstances, was unconstitutional. Plaintiffs did not identify any precedent that closely mirrors the situation involving Officer Privette. Plaintiffs rely on post-incident precedent (*Crane v. City of Arlington*), an unpublished, non-precedential case (*Sanchez v. Fraley*), and *Tennessee v. Garner*, none of which address the specific circumstances here. As Plaintiffs have failed to identify any precedent that would have put Officer Privette on notice that his actions were unconstitutional, Officer Privette remains entitled to qualified immunity as no clearly established law would put Officer Privette's actions "beyond debate."

### V. CONCLUSION

*Barnes v. Felix* mandates a totality of the circumstances analysis that confirms Officer Privette's use of force was objectively reasonable, negating Plaintiffs' Fourth Amendment claim.

4

Plaintiffs' "moment of threat" argument and cited cases fail under *Barnes*. As no clearly established law prohibited Officer Privette's actions, he is entitled to qualified immunity. The Court should grant summary judgment.

Respectfully submitted,

**ARTURO G. MICHEL**
**City Attorney**

CHRISTY L. MARTIN
Chief, Torts/Civil Rights

By: */s/ Alexander Garcia*
Alexander Garcia
Assistant City Attorney
SBN: 24104429
FBN: 3852904
832.393.6293
Alexander.garcia@houstontx.gov
CITY OF HOUSTON LEGAL DEPARTMENT
900 Bagby, 4th Floor
Houston, Texas 77002
832.393.6259 Facsimile

**Attorneys for Defendant**
**Shane Privette**

## CERTIFICATE OF SERVICE

I hereby certify that pursuant to the Federal Rules of Civil Procedure, a true and correct copy of the foregoing was filed via CM/ECF and served via electronic filing manager to all counsel of record.

*/s/ Alexander Garcia*
Alexander Garcia
